**Marilyn A. SCHAEFER, on Behalf of Deanne M. SCHAEFER, Plaintiff-Appellant,**

v.

**Margaret HECKLER, Secretary of Health and Human Services, Defendant-Appellee.**

No. 85–2094.

United States Court of Appeals, Seventh Circuit.

Oct. 6, 1986.

Before WOOD and RIPPLE, Circuit Judges, and ESCHBACH, Senior Circuit Judge.

---

## ORDER

On consideration of the petition for rehearing filed in the above-entitled cause by plaintiff-appellant, a majority of the judges on the original panel having voted to deny the same, with Ripple, Circuit Judge, dissenting from the denial of the petition for rehearing,

IT IS HEREBY ORDERED that the aforesaid petition for rehearing be, and the same is hereby, DENIED.

RIPPLE, Circuit Judge, dissenting from the denial of the petition for rehearing.

When the government requested additional time to respond to the petition for rehearing in this case, I assumed that it needed the extra time to obtain the necessary clearances throughout the governmental structure to change its position. It is now clear that, under the law of Wisconsin, this youngster may inherit from her father. A Wisconsin court has so held. She therefore has a right to the surviving child's benefits under the Social Security Act. I assumed the government was going to meet its responsibility. Instead, the government has filed a reply which is a perfect model of bureaucratic circumlocution. I am at a loss to understand why the government persists in its denial.

In most areas, judicial review of administrative proceedings must give those responsible for the implementation of a statute wide berth in the fulfillment of their responsibilities. Consequently, we give great deference to an administrator's interpretation of a statute which he has the responsibility to administer. We also give great deference to the factual determinations of the agencies. Here, however, we are faced with an entirely different situation—a flat refusal of the agency, probably due to bureaucratic inertia, to fulfill its responsibilities despite the clear mandate of the statute. Such a direct frustration of the Congressional intent should not be countenanced by this court. Accordingly, I respectfully dissent from the denial of this petition for rehearing.